UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROBERT WADE GOKEY,** TDCJ #1496786 | § § § | |
| **Plaintiff,** | § § | SA-21-CV-00987-XR |
| v. | § § | |
| **JOHN M. ECONOMIDY, Attorney, ET AL.,** | § § § | |
| **Defendants.** | § § | |

## ORDER OF DISMISSAL

Before the Court are Plaintiff Robert Wade Gokey's ("Gokey") *pro se* 42 U.S.C. § 1983 Fourth Amended Civil Rights Complaint, motion to proceed *in forma pauperis* for the purpose of service, and motions for leave of court for discovery of Defendants' addresses and extension of time to serve Defendants (ECF Nos. 19, 24, 26). (ECF No. 26). Gokey paid the $402.00 filing fee. (ECF No. 18). Upon review, the Court orders Gokey's section 1983 claims against Defendants Judge Mary D. Roman, Judge Catherine Torres–Stahl, District Attorney Joe Gonzales, Former District Attorney Susan Reed, Assistant District Attorney Rita Spiegal, Assistant District Attorney Amanda Strickland, and Assistant District Attorney Tom Molina in their official capacities for monetary damages **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** based on sovereign immunity. (ECF No. 26); *see* U.S. CONST. amend. XI. It is further ordered that Gokey's remaining section 1983 claims are **DISMISSED WITH PREJUDICE** based on immunity or for failure to state a claim upon which relief may be granted. (ECF No. 26); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), 1915A(b).

**BACKGROUND**

Gokey was arrested in 2006 and charged with two counts of attempted capital murder of a police officer, two counts of aggravated assault on a public servant, and evading arrest/detention with a vehicle, enhanced. *See* Search Results (bexar.org) (last visited Feb. 8, 2022). The capital murder charges were dismissed in 2007, but Gokey was convicted in 2008 for the offenses of aggravated assault on a public servant and evading arrest. *See* Search Results (bexar.org). The trial court sentenced Gokey to thirty years' confinement for each offense. *See id.* Since his convictions, Gokey has filed direct appeals and numerous post–conviction writs; however, his convictions were affirmed, and his writs were denied or dismissed. *See* TAMES Search (txcourts.gov) (last visited Feb. 8, 2022).

Gokey has now filed a civil rights action pursuant to section 1983 based on his 2006 arrest and 2008 convictions. (ECF No. 26). Gokey named as defendants in this matter: (1) John M. Economidy, his court–appointed trial attorney; (2) Judge Mary D. Roman; (3) Judge Catherine Torres–Stahl; (4) Joe Gonzales, Bexar County District Attorney; (5) Susan Reed, former District Attorney; (6) Amanda Strickland, Assistant District Attorney; (7) Tom Molina, Assistant District Attorney; (8) Rita Spiegal, Assistant District Attorney; (9) Bexar County Deputy Anthony Alvarado; (10) Bexar County Deputy Armando Lopez; (11) Bexar County Deputy Richard Escobedo; (12) Bexar County Deputy Aaron Von Muldan; (13) Bexar County Deputy Patricia Nava; and (14) Mary Angie Garcia, Bexar County District Clerk. (ECF No. 26). Gokey seems to contend the judges, the former DA, the ADAs, and the District Clerk violated his constitutional rights when they conspired with his trial counsel to prevent Gokey from discovering that the two counts of attempted capital murder of a police officer were dismissed in 2007.[1] (*Id.*). Gokey

---

[1] To the extent Gokey contends the charges of aggravated assault on a public servant and evading were also dismissed and that his constitutional rights were violated when these cases proceeded to conviction, this is incorrect. A grand

2

contends they did so in order to deprive him of his right to file a section 1983 claim for false arrest based on the attempted capital murder charges. (*Id.*). He alleges the Deputies falsely arrested him, lacking probable cause for any arrest. (*Id.*). Gokey further contends the Deputies conspired to cover up the false arrest to deprive him of his right to file a section 1983 claim. (*Id.*).

As relief, Gokey seeks compensatory and punitive damages. (*Id.*). He also seeks a declaration that Defendants violated his constitutional rights based on the foregoing facts. (*Id.*).

### APPLICABLE LAW

Under section 1915A(a) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case, notwithstanding any filing fee, if it is determined that action is (i) frivolous or malicious, (ii) fails to state claim on which relief may be granted, or (iii) seeks monetary relief from defendant who is immune from such relief). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)

---

jury indicted Gokey for those offenses and a jury found Gokey guilty. *See* Search Results (bexar.org).

3

(internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21(1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### ANALYSIS

#### A. Statute of Limitations — All Defendants

Gokey's claims are based on his 2006 arrest and 2008 convictions. (ECF No. 26). However, Gokey did not file this section 1983 action until 2021. (*Id.*).

Section 1983 contains no statute of limitations provision. *Owens v. Okure*, 488 U.S. 235, 39–40 (1989); *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016); *see* 42 U.S.C. § 1983. Therefore, the applicable statute of limitations is determined by the general statute of limitations governing personal injury actions in the forum state. *Owens*, 488 U.S. 235, 39–40; *Heilman*, 636 F. App'x at 366. Texas has a two–year statute of limitations for personal injury claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Ashley v. Hawkins*, 293 S.W.3d 175, 180 (Tex. 2009). The limitations period begins to run when the cause of action accrues, which is when the plaintiff knows or has sufficient information to know that he has suffered an injury. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). Courts may raise the defense of limitations *sua sponte* where it is clear from the face of a complaint filed IFP that the claims are barred. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

On the face of his Complaint, Gokey expressly states the events forming the basis for his section 1983 claims against Defendants occurred in 2006 and 2008. (ECF No. 26). Gokey filed his original Complaint in this matter on October 12, 2021, approximately fifteen and seventeen years after the events forming the basis of his civil rights claims. (ECF No. 1). Thus, it appears his claims in this matter are barred by the applicable statute of limitations. However, Gokey seems to contend his claims are not barred by limitations because he was unaware of the dismissal of the capital murder charges, and seemingly of his subsequent convictions, because Defendants fraudulently concealed the information. (ECF No. 26).

A section 1983 claim accrues when the plaintiff has knowledge of the events giving rise to his claim. *Matthews v. Speier*, 123 F. App'x 611, 612 (5th Cir. 2005). Limitations are not tolled for fraudulent concealment if the plaintiff is aware of the facts necessary to know a claim existed.

*Id.* at 613. Here, in a 2007 letter to Gokey from Economidy, which is attached to Gokey's Third Amended Complaint, Economidy advises Gokey that the charges of capital murder were reduced to aggravated assault. (ECF No. 14, Exh. 1, p. 28). Thus, Gokey knew in 2007 that the capital murder charges were dismissed. (*Id.*). As for the offenses for which he was convicted, Gokey was obviously aware of those convictions when they occurred in 2008. Thus, any section 1983 claims Gokey might base on his arrest and convictions accrued no later than 2008. *See id.* Gokey is not entitled to have his claims tolled based on fraudulent concealment because in 2007 and 2008 he was aware of the facts needed to allege a section 1983 claim based on his 2006 arrest, the 2007 dismissal of the capital murder charges, and his 2008 convictions. *See id.* Accordingly, the Court finds limitations bars Gokey's claims against all Defendants, and he has, therefore, failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### B. *Non–State Actor — Economidy*

As noted above, Gokey contends his court–appointed trial attorney violated his civil rights by conspiring with several of the other defendants to conceal the dismissal of the capital murder charges. (ECF No. 26). Gokey contends Economidy took such action to prevent Gokey from filing a civil rights action based on false arrest relating to those charges. (*Id.*).

To state a claim under section 1983, a plaintiff must show the defendant violated his constitutional rights while acting *under color of state law*, i.e., was a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014); *see* 42 U.S.C. § 1983. Neither a court–appointed attorney nor a privately–retained attorney are state actors for purposes of section 1983. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). As Gokey's court–appointed

criminal defense counsel, Economidy is a non–state actor and therefore, not subject to suit under section 1983 conduct unless Gokey can show Economidy's conduct is "fairly attributable to the State." *See Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017). Gokey has made no such allegations, and the Court finds such an allegation based on the facts alleged is untenable. (ECF No. 26). Thus, Gokey's claims against Economidy are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### C. Immunity — The Judges

As with Economidy, Gokey alleges the Judges — Roman and Torres–Stahl — conspired with others to conceal the dismissal of the capital murder charges to prevent Gokey from filing a section 1983 action for false arrest based on those charges. (ECF No. 26). He also seems to suggest, as to the other charges, that there was an absence of jurisdiction to proceed and that the charges should have been dismissed as void due to the absence of an indictment or the existence of some sort of dismissal. As to this second contention, Bexar County court records belie the allegations. The records show Gokey was indicted by a grand jury for the offenses of aggravated assault on a public servant and evading arrest in February 2007. *See* [Search Results (bexar.org)](). He was then tried on those charges; they were not dismissed. *See id.* Thus, any claims based on this second contention lack a valid factual basis. *See id.* As to the conspiracy allegations, those claims are barred by immunity whether Gokey's claims are brought against the Judges in their official or individual capacities.

#### 1. *Eleventh Amendment — Official Capacity*

To the extent Gokey's claims are brought against the Judges in their official capacities for monetary damages or other retrospective relief, such claims are barred by the Eleventh Amendment. *See* U.S. CONST. amend. XI. The Eleventh Amendment bars suits by private citizens

7

against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

With regard to section 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities, they are not deemed "persons" for purposes of section. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Thus, section 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

Texas state judges are agents of the State of Texas when acting in their judicial capacity. *See, e.g., Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 324 (5th Cir. 2008). Accordingly,

Gokey's claims against Judges Roman and Torres–Stahl in their official capacities for monetary damages or other retrospective relief are subject to dismissal for want of jurisdiction. *See Will*, 491 U.S. at 71; *see also* U.S. CONST. amend. XI.

### 2. *Judicial Immunity – Individual Capacity*

Judges generally have absolute immunity from suit. *Mireles v. Waco,* 502 U.S. 9, 9–10 (1991); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 222 (5th Cir. 2009). Judicial immunity is immunity from suit, not just the assessment of damages. *Mireles*, 502 U.S. at 11; *Davis*, 565 F.3d at 222. In *Forrester v. White*, the Supreme Court described the purposes served by judicial immunity:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have .... If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

484 U.S. 219, 226–27.

Absolute judicial immunity does not apply in certain limited circumstances. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. First, judges are not immune from liability for non–judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Second, judges are not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Finally, judges are not immune when the plaintiff seeks prospective relief for an allegedly ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Mireles*, 502 U.S. at 11.

Nothing in the live Complaint shows an ongoing violation of federal law, and Gokey's claims of an absence of jurisdiction are belied by the public record. *See Mireles*, 502 U.S. at 11–12; *Young*, 209 U.S. at 155–56. Thus, the only possible applicable exception to judicial immunity would be that the Judges acted outside their judicial capacity. *See Mireles*, 502 U.S. at 11–12.

The Fifth Circuit "has adopted a four–factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Davis*, 565 F.3d at 222–23 (citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005)). These factors are broadly construed in favor of immunity. *Id.* at 223. After considering the foregoing factors, the Court finds Gokey's claims against the Judges in their individual capacities are barred by judicial immunity. *See id.* at 222–23. Thus, Gokey's claims against the Judges in their individual capacities for monetary damages are subject to dismissal based on judicial immunity. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### D.  Immunity — The DAs and the ADAs

Gokey makes the same conspiracy allegations against the current and former Bexar County DAs and several ADAs as he does against Economidy and the Judges. (ECF No. 26). He also seems to suggest they conspired with each other to proceed to trial on the aggravated assault and evading charges with full knowledge that the trial court lacked jurisdiction due to such charges having been dismissed or lacking an indictment. (*Id.*). This second allegation is invalid for same

reasons discussed above. *See supra*. And, as for the conspiracy allegations, those too lack viability based on immunity.

### 1. Eleventh Amendment — Official Capacity

To the extent Gokey's claims are brought against the DAs and the ADAs in their official capacities, such claims are barred by the Eleventh Amendment based on the same law as cited above. *See* U.S. CONST. amend. XI. The Fifth Circuit has stated on numerous occasions that district attorneys and assistant district attorneys in Texas are agents of the state when acting in their prosecutorial capacities. *See, e.g., Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). Thus, Gokey's claims against the DAs and the ADAs in their official capacities for monetary damages or other retrospective relief are subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71; *see also* U.S. CONST. amend. XI.

### 2. Prosecutorial Immunity — Individual Capacity

To the extent Gokey asserts section 1983 claims against the DAs and the ADAs in their individual capacities for monetary damages, such claims are barred by prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269–73 (1993); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). Prosecutors are absolutely immune from liability in a civil rights suit seeking monetary or other retrospective relief for any actions taken by them within the course and scope of representing governmental agencies and subdivisions in judicial proceedings, i.e., when acting as advocates of the state. *Buckley*, 509 U.S. at 269–73. "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273. Prosecutors are immune even if their actions are malicious or willful if they occur in the exercise of the advocatory function. *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003).

Gokey has not alleged any facts showing the DAs or the ADAs were acting outside the course and scope of their roles as advocates for the State of Texas with regard to the criminal prosecutions against him. (ECF No. 26). Thus, the Court finds the DAs and the ADAs are immune and therefore, any claims against them are subject to dismissal. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### E. *Heck–Barred — The Deputies*

Gokey contends the Bexar County Deputies falsely arrested him and then conspired to cover up the false arrest to deprive him of his right to file a section 1983 claim. (ECF No. 26). These claims are barred by the Supreme Court's decision in *Heck v. Humphrey*.

In *Heck*, the Supreme Court held that to recover for an alleged unconstitutional conviction or imprisonment, or other harm caused by unlawful action that would render a conviction or sentence invalid, a plaintiff pursuing a section 1983 action "must prove his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994).

Gokey does not allege, must less prove, that any of his convictions have been reversed, expunged, declared invalid, or called into question. *See id.* Moreover, records from the Fourth Court of Appeals and the Texas Court of Criminal Appeals show Gokey's direct appeals resulted in affirmances of his convictions, and the post–conviction writs he filed were all denied or dismissed. *See* [TAMES Search (txcourts.gov)](). Accordingly, Gokey's claims against the Deputies are barred and subject to dismissal without prejudice pursuant to *Heck*. *See* 512 U.S. at 486–87.

**CONCLUSION**

The Court finds Gokey's section 1983 claims against Defendants are subject to dismissal for the various reasons discussed above.

**IT IS THEREFORE ORDERED** that Gokey's section 1983 claims against Defendants Judge Mary D. Roman, Judge Catherine Torres–Stahl, District Attorney Joe Gonzales, Former District Attorney Susan Reed, Assistant District Attorney Rita Spiegal, Assistant District Attorney Amanda Strickland, and Assistant District Attorney Tom Molina in their official capacities for monetary damages or other retrospective relief (ECF No. 26), are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** based on sovereign immunity. *See* U.S. CONST. amend. XI.

**IT IS FURTHER ORDERED** that Gokey's remaining section 1983 claims (ECF No. 26) are **DISMISSED WITH PREJUDICE** based on immunity or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), 1915A(b).

**IT IS FURTHER ORDERED** that Gokey's pending motion to proceed *in forma pauperis* for the purpose of service (ECF No. 19), and motions for leave of court for discovery of Defendants' addresses and extension of time to serve Defendants (ECF No. 24) are **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is so **ORDERED**.

**SIGNED** this 8th day of February, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE